UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY G. BELL, #16001767,

                    Plaintiff,

        -against-

THE CITY OF LONG BEACH, L.I., New York;
NASSAU COUNTY, WINTHROP UNIVERSITY
HOSPITAL,

                 Defendants.
------------------------------------------------------------X
ANTHONY G. BELL, #16001767,

                 Plaintiff,

        -against-

NASSAU COUNTY, THE CITY OF LONG BEACH, L.I.,
in New York,

               Defendants.
------------------------------------------------------------X

**ORDER**
16-CV-5820(JMA)(AYS)

16-CV-5989(JMA)(AYS)

**AZRACK, District Judge:**

       On October 11, 2016, incarcerated *pro se* plaintiff Anthony G. Bell ("plaintiff") filed an *in forma pauperis* complaint against the City of Long Beach ("the City"), Nassau County (the "County") and Winthrop University Hospital ("Winthrop") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights ("Bell I"). On October 21, 2016, plaintiff filed another *in forma pauperis* complaint ("Bell II") against the County and the City also pursuant to 42 U.S.C. § 1983 ("Section 1983") and alleging a deprivation of his constitutional rights based on the same set of facts alleged in Bell I. Because the complaint in Bell II is repetitive of the claims alleged in complaint filed in Bell I, the Court consolidates them under the first filed

complaint, 16-5820(JMA)(AYS), and directs that the case assigned docket number 16-5989(JMA)(AYS) be closed.   All future filings shall be made only under docket number 16-5820(JMA)(AYS).

For the reasons that follow, the Court grants plaintiff's requests to proceed *in forma pauperis* and *sua sponte* dismisses his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

## I.   BACKGROUND[1]

Plaintiff is no stranger to Court.   Since May 25, 2016, plaintiff has filed at least fourteen (14) *in forma pauperis pro se* complaints.[2]   Plaintiff's sparse allegations are set forth below, in their entirety.   The "Statement of Claim" in Bell I alleges:[3]

> (1) Winthrop Hospital called the Nassau County police on me around the date of Jan 2016.   One of the counsler who works there called the police cause I was black and my girlfriend at the time was white.   The Nassau County police tried to make her state that I hit her and detained me in the office for approximately 2 hours against my will my lawyer at the time Mr. Prime tried to talk to them they said no.   Also for racial profiling against Nassau police and Winthrop Hospital.

> (2) Long Beach Police in Long Island before arresting me come to my place of residence and told my girlfriend who was white that I was beating her cause I'm black.   Also I'm charging them with racial profiling, also the District Attorney told my girlfriend the same thing between August 2015 till present.   Also racial

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] See 16-CV-2687(JMA)(AYS) Bell v. Cnty. of Nassau, et al.; 16-CV-2688(JMA)(AYS) Bell v. City of Long Beach, LI, NY; 16-CV-2959(JMA)(AYS) Bell v. Sposato, et al.; 16-CV-2960(JMA)(AYS) Bell v. Granada Towers Condominium, et al.; 16-CV-3521(JMA)(AYS) Bell v. City of Long Beach; 16-CV-3385(JMA)(AYS) Bell v. Bogle; 16-CV-3664(JMA)(AYS) Bell v. State of New York; 16-CV-3665(JMA)(AYS) Bell v. Armor Corr. Health, Inc., et al.; 16-CV-3931(JMA)(AYS) Bell v. New York State Comm. of Corr.et al.; 16-CV-4683(JMA)(AYS) Bell v. Nassau Cnty., et al., 16-CV-4639(JMA)(AYS) Bell v. Armor Corr. Health Inc., et al., 16-CV-5447(JMA)(AYS) Bell v. NIFA et al.; 16-CV-5820(JMA)(AYS) Bell v. City of Long Beach; and 16-CV-5989(JMA)(AYS) Bell v. Nassau Cnty.

[3] Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

profiling against Long Beach police and D.A.   Also excessive bail.

(Bell I Compl. at ¶ IV.)   In the space on the form complaint that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges "emotional distress as I was already suffering from depression and anxiety along with HIV."   (*Id.* at ¶ IV.A.)   For relief, plaintiff seeks to recover "monitary and an apology from all plaintiffs." (*Id.* at ¶ V.)

Like the allegations in Bell I, the allegations in Bell II are brief.   The "Statement of Claim" alleges:

> (1) The Long beach police made a statement to me that because I knew another black guy I was involved in drugs.   Also the police and the DA of Long beach to my girlfriend at the time who was white that all black men beat there women.   This was between August of 2015 until March 2016. (2) Also the same thing happened with Nassau County police at Winthrop Hospital at around November of 2015 to present.

(Bell II Compl. ¶ IV.)   In the space on the form complaint that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges: "Emotional."   (*Id.* ¶ IV.A.)   For relief, plaintiff seeks to recover "monitary and an apology from all."   (*Id.* ¶ V.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Applications

Upon review of plaintiff's declarations in support of the applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence these actions without prepayment of the filing fees.   28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's applications to proceed *in forma pauperis* are granted.

**B.      Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).   Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).    In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal,

4

556 U.S. 662, 678 (2009) (citations omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."   Id. at 678.   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   Id. at 678 (quoting Twombly, 550 U.S. at 555).

## C.   Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.   Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."   Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).   In order to state a § 1983 claim, a plaintiff must allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law."   Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).   Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."   Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).   In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.   Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

5

1.      **Section 1983 Claim Against the City and the County**

It is well-established that a municipality, such as the City or the County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which plaintiff complains was caused by some policy or custom of the City or the County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must

allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff has not alleged a plausible Section 1983 claim against the City or the County and the complaint is thus dismissed without prejudice as against these defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

2.  **Section 1983 Claim Against Winthrop**

It is well-established that "[t]he Constitution's protections of individual liberty and equal protection apply in general only to action by the government." Edmonson v. Leesville Constr. Co., Inc., 500 U.S. 614, 619 (1991) (citations omitted); see also Daniel v. Safir, 135 F. Supp. 2d 367, 373 (E.D.N.Y. 2001) ("It is fundamental that state action is a required element of a claim for a constitutional violation"). Plaintiff purports to bring a Section 1983 claim against Winthrop, a private entity that does not act under color of state law. LeShore v. Comm'r of Long Beach P.D., et al., 10-CV-6067(SJF)(ARL), 2012 WL 1032643, *8 (E.D.N.Y. Mar. 21, 2012) (dismissing, inter alia, Section 1983 claims against Winthrop because it "is a private entity and does not act under color of state law."). Because Winthrop does not act under color of state law, plaintiff's Section 1983 claim against it is not plausible. Accordingly, plaintiff's Section 1983 claim against Winthrop is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

**D.    Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his

complaint." <u>Boddie v. New York State Div. of Parole</u>, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting <u>Frazier v. Coughlin</u>, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." <u>Id.</u> (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaints. Plaintiff is afforded an opportunity to file an amended complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint", bear only docket number 16-CV-5820(JMA)(AYS), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed.

### III.    CONCLUSION

For the forgoing reasons, the plaintiff's applications to proceed *in forma pauperis* are granted, but the complaints are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint", bear only docket number 16-CV-5820(JMA)(AYS), and shall be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Date: October 10, 2018
Central Islip, New York

                                               /s/(JMA)

                                               Joan M. Azrack
                                               United States District Judge